## WILLIAM FOSTER, surviving partner of WM. & JAMES FOSTER *against* DANIEL ANDREWS.

### IN ERROR.

A due bill signed by one partner or by the clerk, in the name of the firm, is *prima facie* evidence that it was given for the debt of the firm.
If a note be given by one partner, in the name of the firm, for his own private debt, and the other partner upon being informed of the transaction, does not dissent or give notice to the payee, that he will not be liable, he shall be bound.

Writ of error to *Crawford* county.

This was an action of assumpsit brought by *Daniel Andrews* against *William Foster*, surviving partner of the firm of *William & James Foster*, on a note signed "for *Wm. & J. Foster, Wm. A. Foster*,"

The note was signed by *William A. Foster*, the clerk, in presence of *James Foster*, upon a settlement made between him and the plaintiff. It was alleged by the defendant, that this note was given for the private debt of *James Foster;* the clerk who was examined did not recollect what the consideration of it was, further than what the books exhibited.

Several points were put to the Court upon which to instruct the jury; two only are material, which, together with the Court's answers, will fully explain the case.

(William Foster *v.* Daniel Andrews.)

1. That one of two partners in trade, cannot charge the partnership with his private separate debt, without the consent of his co-partner; and that such consent must be satisfactorily proved to a jury.

2. That it was not necessary for the defendant to give notice to the plaintiff of his dissent, if the note was given for the private debt of *James Foster* to the plaintiff; and that the plaintiff knew that fact at the time.

*Shippen, president.*—It is clear law, that if one partner without the knowledge of the other, gives the note of the firm for his own private debt, it did not bind the firm. But if the other partner were present, and permitted it to be done, it would bind both; so, if it has met his subsequent assent.

In the present case *William Foster* was absent; but what appears material to the Court is, that the present transaction (differing from *Livingston* v. *Roswell,)* was in the store of the firm, was done by the clerk, and agent of the firm, was entered on the books of the firm, on the same page that *Daniel Andrews* was credited with "one due bill," for $95 56¼, *James Foster* was charged with a larger sum paid *Andrews*, $163: and in the same pages of ledger, where these matters are posted, other entries are made by *William Foster.*

Did *William Foster* know of these transactions after his return home; and did he dissent? These are inquiries for the jury. He did not complain to his clerk, and I recollect no proof of his disavowing the transaction to *D. Andrews*, until after the death of *James Foster*, which happened 19 or 20 months after his return. If he had dissented to *Andrews* before the death of *James*, *Andrews* might have secured himself by a resort to *James*. The principal who does not disavow the acts of his agent, when apprized of them, may be bound by them. 14 *Serg. & Rawle*, 27. And if the defendant knew of this transaction, as by the books of the firm he should know, and did not early disavow it, he may be bound by it."

*J. S. Riddle* and *S. B. Foster* for plaintiff in error,

Contended that it was incumbent upon the plaintiff to prove, that the note was given in the course of partnership business; and that the note itself was not *prima facie* evidence of that fact. Cited: *Dob* v. *Holsey*, 16 *Johns. Rep.* 38. *Baird* v. *Cochran*, 4 *Serg. & Rawle*, 397. *Livingston* v. *Hastie*, *Cane's Cases in Error*, 246.

*Wallace* for defendant in error. Whom the Court declined to hear.

Judgment affirmed.